IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | :     Criminal No. WDQ 13-002 |
| ANTONIO DAVIS, ET AL | : |

...o0o...

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF THE MOTION *IN LIMINE* TO ADMIT EVIDENCE OF THE DEFENDANTS' PREDISPOSITION PURSUANT TO RULE 404(b)

Now Comes the United States of America by its counsel, Rod J. Rosenstein, United States Attorney for the District of Maryland, and James T. Wallner, Assistant United States Attorney for said District, and moves this Court to admit the prior conduct and convictions of Antonio Davis, Sean Thornton and Jazman Trusty, the Defendants, pursuant to Rule 404(b), of the Federal Rule of Criminal Procedure.

### FACTUAL BACKGROUND

The factual background and the Defendants original arguments are set forth in Government's Response in Oppositions to the Defendants pretrial motions. In their reply to the Government's Opposition, filed on July 29, 2013, the Defendants for the first time argue directly that they were entrapped by the Government's conduct.

### ARGUMENT

To rebut the claim of entrapment on the part of the Defendants, the Government seeks the introduction of the Defendant's prior criminal records and other criminal conduct, to demonstrate their predisposition to commit the charged crime, absent Government intervention.

Again, set forth in the Government's Opposition is a detailed explanation of the inquiry that the Court must conduct and the burdens associated with the parties regarding an entrapment defense. In short, the defendant has the initial burden to provide evidence of the first element, government inducement, before the burden shifts to the government to prove the second element, that the defendant was predisposed to commit the crime. *Jacobson v. United States*, 503 U.S. 540, 549 (1992).

While the Government fails to see any inducement, aside from the opportunity to commit a potentially lucrative home invasion robbery of a stash house, once the Defendants raise the suggestion of entrapment, the Defendants' predisposition to commit such a crime becomes a necessary factor in the Court's analysis of whether to give an entrapment instruction. Moreover, if the instruction is given, the Defendants' predisposition is an issue for the jury.

In the Fourth Circuit, 404(b) evidence is admissible if it is relevant to an issue other than character, necessary, and reliable. *United States v. Rawle*, 845 F.2d 1244, 1247 (4th Cir.1988). Further, its probative value must outweigh its prejudicial value. *Id.* In the context of entrapment, the Fourth Circuit has held, in an unpublished opinion, that "it is clear that the government is permitted broad latitude under Rule 404(b) to introduce evidence of relevant prior acts once defendant has raised a claim of entrapment thereby putting into issue his predisposition to commit the crimes with which he is charged." *United States v. Abulhawa*, 833 F.2d 1006 (4th Cir.1987) (unpublished opinion). This view is shared by a majority of circuits. *United States v. Simtob*, 901 F.2d 799, 807 (9th Cir.1990); *United States v. Roper*, 874 F.2d 782, 788 (11th Cir.1989), cert. denied, *Roper v. United States*, 493 U.S. 867 (1989); *United States v. York*, 830 F.2d 885 (8th Cir.1987), cert. denied, *York v. United States*, 484 U.S. 1074 (1988); *United States v. Parrish*, 736 F.2d 152, 156 (5th Cir.1984); *United States v. Ward*, 793 F.2d 551, 555 (3d Cir.1986); *United States v. Mazza*, 792 F.2d

1210, 1223 (1st Cir.1986), cert. denied, *Mazza v. United States*, 479 U.S. 1086 (1987). "When a defendant employs an entrapment defense, evidence of prior bad acts is admissible to prove predisposition because in such a case the defendant's predisposition to commit the charged crime is legitimately at issue." *United States v. Lewis,* 641 F.3d 773(7th Cir. 2011), *see also United States v. Cervantes,* 706 F.3d 603 (5th Cir. 2013). Much of the justification for these holdings is derived from the language in *Sorrells v. United States*, 287 U.S. 435 (1932) which holds that a defendant who has raised the entrapment defense "cannot complain of an appropriate and searching inquiry into his own conduct and predisposition ..." *Id*.

Here, the Defendants are members of the Black Guerrilla Family (BGF), who came to the attention of law enforcement after a cooperating source, who will testify at trial, told investigators that the Defendants and other members of their particular BGF "regime" or "bubble" were contemplating the kidnaping of the four-year-old child of a large scale drug trafficker and holding that child for ransom. This same source will also testify that these activities were commonplace among this particular BGF regime, and will testify that several other members of the same bubble were already facing charges for the kidnaping of another drug trafficker's child, but that crime was foiled by law enforcement (this incident was confirmed by law enforcement). This same witness will testify that the after the arrest of the BGF members for that kidnaping, Davis assumed a leadership role in the bubble, and proposed the kidnaping of the other child. According to the witness, Thornton was present for some of the discussions and plans regarding the second kidnaping.

Witnesses will testify that the Defendants are drug traffickers and that Thornton and Davis operated a drug shop in the area where the source meetings took place making approximately $6000 a day in heroin sales. The witness will testify that the bubble and the drug shop had access to firearms, including an AK-47 and a .22 caliber handgun, consistent with the gun recovered during

the incident. The witness will testify that he has observed the Defendants commit armed robberies of other drug dealers and customers on the street, which included the use of firearms and pistol whippings of the victims. The witness will testify that Davis told the group that he (Davis) had an individual who would buy the entire load of drugs, including those stolen from CS-8 after the group either robbed or killed him during the incident.

In short, the Government seeks the introduction of any and all evidence that shows a predisposition on the part of the Defendants to commit the charged crimes, including drug trafficking, prior robberies or kidnapings, and their access to firearms. Finally, the Government seeks the introduction of the Defendants prior criminal records to demonstrate their propensity to commit the charged crimes. Thornton has prior convictions for possession of a handgun and drug trafficking. Trusty has a prior drug trafficking conviction, and Davis has a prior conviction for attempted second degree murder, first degree assault and use of a firearms in connection with those crimes.

Because the Defendants now claim that they were entrapped by law enforcement in this matter, the Defendants predisposition to commit these acts becomes a relevant avenue of inquiry. The admission of their "prior bad acts" and criminal record will afford the Court the appropriate context to determine whether and entrapment instruction should be given to the jury, and should that instruction be given by the Court, provide the jury the context of the Defendant's predisposition to commit the charged crimes.

## CONCLUSION

For the fore going reasons, the Court should grant the Government Motion In Limine, pursuant to Rule 404(b) of the Federal Rules of Criminal Procedure.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney


By: _____/S/_____
James T. Wallner
Assistant United States Attorney


## CERTIFICATE OF SERVICE

This is to certify that on this 31st day of July, 2013, a copy of the foregoing Government's Response in Opposition was electronically sent via CM/ECF and email to:

Michael Montemarano,
Archangelo Tuminelli, and
Anton Keating

_____/S/_____
James T. Wallner
Assistant United States Attorney