U.S. Department of Justice

United States Attorney
District of Maryland
Northern Division

| | | |
|---|---|---|
| Rod J. Rosenstein<br>United States Attorney<br><br>Clinton J. Fuchs<br>Assistant United States Attorney | 36 South Charles Street<br>Fourth Floor<br>Baltimore, Maryland 21201 | DIRECT: 410-209-4893<br>MAIN: 410-209-4800<br>FAX: 410-962-3091<br>TTY/TDD: 410-962-4462 |

April 1, 2013

Anton Keating, Esq.
106 W. Madison Street
Baltimore, Maryland 21201

Re:  United States v. Jazmen Trusty, et al.
     Crim No.: WDQ 13-cr-0002

Dear Mr. Keating:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by **May 1, 2013**, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

1.  The Defendant agrees to plead guilty to Count One and Four of the Indictment now pending against him, which charges him with conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951; and possession of a firearm in furtherance of a crime of violence for which the Defendant could be prosecuted in a court of the United States, in violation of 18 U.S.C. § 924(c). The Defendant admits that he is, in fact, guilty of these offenses and will so advise the Court.

### Elements of the Offenses

2.  The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial are as follows:

### Count One

From on or about December 12, 2012 until December 20, 2012, in the District of Maryland, the Defendant agreed with other individuals:

  a.  to obtain property from another without that person's consent; and

      b.      do so by wrongful use of actual or threatened force, violence, or fear; and

      c.      as a result of the Defendant's actions, interstate commerce, or an item moving in interstate commerce, was actually or potentially delayed, obstructed, or affected in some way or degree.

### Count Four

On or about December 20, 2012, in the District of Maryland, the Defendant:

      a.      Possessed a firearm; and

      b.      The Defendant possessed the firearm in furtherance of a crime of violence for which he could be prosecuted in a court of the United States, that is, conspiracy to interfere with interstate commerce by robbery, in violation of 18 U.S.C. § 1951.

### Penalties

3.      The maximum sentences provided by statute for the offenses to which the Defendant is pleading guilty are as follows: **Count One**: twenty (20) years imprisonment; a $250,000 fine; and a period of supervised release of up to three (3) years; **Count Four**: life imprisonment (with a five year mandatory minimum term of imprisonment consecutive to any other term of imprisonment imposed); a $250,000 fine; and a period of supervised release of up to five (5) years. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

---

[1]      Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

Anton Keating, Esq.
April 1, 2013
Page 3 of 10

### Forfeiture of Firearm

4.  The Defendant understands and agrees that as a result of his guilty plea, he will not be permitted to own, possess, or use a firearm. He forfeits all right, title, and interest in the following firearms:

Ruger, .22 semiautomatic handgun, serial number 10-9823

### Waiver of Rights

5.  The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

    a.  If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    b.  If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

    c.  If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

    d.  The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

    e.  If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

Anton Keating, Esq.
April 1, 2013
Page 4 of 10

        f.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

        g.      If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

        h.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

### Advisory Sentencing Guidelines Apply

6.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

7.      This Office and the Defendant understand, agree and stipulate to the following Statement of Facts, which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

        a.      Statement of Facts

On or about December 12, 2012, a confidential source of information ("CS") working with law enforcement met with the Rodney Proctor, Antonio Davis, Michael Johnson, and Sean Thornton at a location in Baltimore City, Maryland. During the meeting, the CS explained to the group that he was a drug trafficker who was interested in robbing his source of supply of narcotics of more than five kilograms of cocaine. Proctor, Davis, Johnson and Thornton all expressed interest in the robbery, discussed how the robbery would be conducted and discussed the resale value of the stolen cocaine.

On December 19, 2012, the CS met with Davis, Proctor and Thornton at a location in Baltimore City. During the meeting, the CS told the group that his source of supply

of narcotics would be travelling to Baltimore the next day and that the planned robbery could proceed. The CS told the group that he would split the stolen cocaine with the group and that he (the CS) planned to convert his share of the powder cocaine into cocaine base (crack cocaine). Davis, Proctor and Thornton confirmed that they were ready to commit the robbery and discussed with the CS how the robbery would be conducted.

On December 20, 2012, Johnson, Davis, Proctor, Thornton and the Defendant, Jazmen Trusty, met with the CS at a prearranged location in Baltimore City. During that meeting, the CS told the group that he (the CS) planned to meet the source of supply at a nearby hotel and that he would then be taken to a hotel room where the cocaine was being stored. The CS explained that he would send a text message to the conspirators identifying the location of the cocaine and that at that point, the robbery could proceed. The CS asked the conspirators if everyone was satisfied with the division of the stolen cocaine (five kilograms to the CS, five kilograms to Trusty and his co-conspirators); Davis responded that they were. The CS then returned to his car and left the area.

As the target subjects drove their car towards the location of the purported robbery, the vehicle was stopped by law enforcement and all five of the target subjects were taken into custody by the police. A search of Johnson yielded a pair of latex gloves, a ski mask and a black hat. A search of Davis yielded a latex glove, two black gloves and a black mask. A search of Proctor yielded a black stocking cap and a loaded Ruger, .22 semiautomatic handgun, serial number 10-9823. A search of Trusty yielded a black stocking cap and a black hat.

The parties stipulate that the Defendant agreed with his co-conspirators to steal the cocaine from the CS's source of supply though the use of force, violence and fear. The parties further agree that cocaine is a commodity manufactured outside the state of Maryland and which travels in interstate commerce. Therefore, the robbery of the cocaine from the source of supply of narcotics would have interfered with the interstate commercial activity of narcotics trafficking. Additionally, on December 20, 2012, the Defendant intended that a firearm would be possessed by one of the co-conspirators and used to commit the robbery.

The Government's evidence consists of physical surveillance, audio recordings of telephone calls between the conspirators and the CS as well as audio and video surveillance of the conspirators meetings with the CS.

    b.  Guideline Stipulations

The parties stipulate and agree that the **base offense level for Count One is 20** pursuant to U.S.S.G. § 2B3.1(a). The parties further stipulate and agree that as to **Count Four**, the guideline sentence for Possession of a Firearm in Furtherance of a Crime of Violence, is **60 months**, pursuant to U.S.S.G. § 2K2.4(b) and 18 U.S.C. § 924(c)(1)(A)(i). The Defendant

Anton Keating, Esq.
April 1, 2013
Page 6 of 10

understands that the sentence imposed for this offense must run consecutively to any other sentence imposed by the Court for any other offense.

        c.       Acceptance of Responsibility

This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty. Based on the foregoing, the Defendant's **adjusted offense level is 17 as to Count One.**

    8.      The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant conduct was part of a pattern of criminal conduct from which he derived a substantial portion of his income.

    9.      Other than as set forth above, this Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, or potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute. If the Defendant intends to seek a sentence outside the final advisory guideline range, the Defendant agrees to notify this Office of the factors under 18 U.S.C. § 3553(a) on which the Defendant intends to rely no later than fourteen (14) days prior to the date of sentencing.

### Obligations

    10.     At the time of sentencing, this Office will recommend a sentence within the final adjusted guidelines range for Count One and 60 months imprisonment for Count Four. This Office will also move to dismiss any open counts against the Defendant.

    11.     The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

Anton Keating, Esq.
April 1, 2013
Page 7 of 10

## Waiver of Appeal

12. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

    a) The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

    b) The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: as to **Count One**, (i) the Defendant reserves the right to appeal from any sentence greater than the guideline range resulting from an offense level of 17 and the Defendant's criminal history; and (ii) this Office reserves the right to appeal from any sentence less than the guideline range resulting from an offense level of 17 and the Defendant's criminal history. As to **Count Two**, (i) the Defendant reserves the right to appeal from any sentence greater than 60 months imprisonment; and (ii) this Office reserves the right to appeal from any sentence less than 60 months imprisonment.

    c) Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

    d) The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Obstruction or Other Violations of Law

13. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Court Not a Party

14. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

Anton Keating, Esq.
April 1, 2013
Page 9 of 10

### Entire Agreement

15. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, along with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this letter, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Clinton J. Fuchs
Assistant United States Attorney

Anton Keating, Esq.
April 1, 2013
Page 10 of 10

   I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

8-2-13
Date

Jazmen Trusty

   I am Mr. Trusty's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

Aug 2/2013
Date

Anton Keating, Esq.